UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEKIYA HODGES,** | ) |
| Plaintiff | ) Case No.: |
| v. | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL** |
| **DIVERSIFIED CONSULTANTS, INC.,** | ) |
| | ) **(Unlawful Debt Collection Practices)** |
| Defendant | ) |

## COMPLAINT

MEKIYA HODGES ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against DIVERSIFIED CONSULTANTS, INC. ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant conducts business in the State of Pennsylvania and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §1391(b)(2).

**PARTIES**

5. Plaintiff is a natural person residing in Hodges, Pennsylvania.

6. Defendant is a national debt collection company with corporate headquarters located at 10550 Deerwood Park Blvd #309, Jacksonville, FL 32256.

7. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and repeatedly contacted Plaintiff in an attempt to collect a debt.

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

9. The alleged debt at issue arose out of transactions, which were primarily for personal, family, or household purposes.

10. Beginning in February 2017 and continuing through May 2017, Defendant placed repeated harassing telephone calls to Plaintiff's cellular and work telephone numbers seeking to collet an alleged debt.

11. Plaintiff repeatedly told Defendant to stop calling, particularly her work telephone number.

12. However, Defendant ignored her requests and continued to call.

13. Once Defendant knew its calls were unwanted any further calls could only have

been placed for the purpose of harassing Plaintiff.

14. Defendant also called at inconvenient times, such as after 9 pm.

15. Defendant's actions as described herein were made with the intent to harass, upset and coerce payment from Plaintiff.

### COUNT I
### DEFENDANT VIOLATED §§ 1692d and 1692d(5) OF THE FDCPA

16. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

17. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

18. Defendant violated §§1692d and 1692d(5) when it placed repeated harassing telephone calls to Plaintiff, and continued to call knowing its calls were unwanted.

### COUNT II
### DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

19. A debt collector violates § 1692c(a)(1) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.

20. Defendant violated § 1692c(a)(1) when it contacted Plaintiff at inconvenient times, such as when she was at work and after 9pm.

## COUNT III
## DEFENDANT VIOLATED § 1692c(a)(3) OF THE FDCPA

21. A debt collector violates § 1692c(a)(3) if without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, it contacts a consumer at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

22. Defendant violated § 1692c(a)(3) when it contacted Plaintiff at her place of employment knowing that such calls were not permitted.

WHEREFORE, Plaintiff, MEKIYA HODGES, respectfully pray for a judgment as follows:

    a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

    b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

    c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

    d. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MEKIYA HODGES, demands a jury trial in this case.

|     |     |
| --- | --- |
|     | RESPECTFULLY SUBMITTED, |
| DATED: August 4, 2017 | KIMMEL & SILVERMAN, P.C. |
|     | By: /s/ Amy L. Bennecoff Ginsburg |
|     | Amy L. Bennecoff Ginsburg, Esq. |
|     | Kimmel & Silverman, P.C. |
|     | 30 East Butler Pike |
|     | Ambler, PA 19002 |
|     | Phone: 215-540-8888 ext. 167 |
|     | Fax: 887-788-2864 |
|     | Email:  aginsburg@creditlaw.com |